UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS A. NICKELBERRY,

    Petitioner,

    v.

STATE OF CALIFORNIA,

    Respondent.

Case No. 13-cv-2486-VC

**ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER VENUE**

Doc nos. 9 and 13

    Marcus A. Nickelberry, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Nickelberry was convicted of two counts of robbery with various enhancements after a jury trial in Solano County and was sentenced to twenty-seven years. He is incarcerated at the Los Angeles Metropolitan Detention Center in Lancaster, California.

    The respondent moves to transfer venue to the Eastern District of California, where Nickelberry was convicted.

    Venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). Habeas Local Rule 2254-3(a) and (b) provides, in relevant part:

    (a) Venue. The following noncapital petitions for writs of habeas corpus shall be filed in this District:

        (1) Petitions challenging the lawfulness of a conviction or sentence for which the petitioner was convicted and sentenced in the following counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz and Sonoma; or

        (2) Petitions challenging the manner in which the sentence is being executed, such as loss of good time credits, where the petitioner is confined in an institution located in a county listed in Habeas L.R. 2254-3(a)(1) at the time the petition is filed.

(b) Transfer of Venue.  If a petition is filed in this District which does not conform to Habeas L.R. 2254-3(a), venue shall be transferred to:

(1) The district of conviction or sentencing if the petition is challenging the conviction or sentence; or

(2) The district of confinement if the petition is challenging the manner in which the sentence is being executed.

Habeas L.R. 2254-3.

Because Nickelberry is challenging his conviction, imposed in Solano County, which is located in the Eastern District, venue for his habeas case lies in the Eastern District, not in this district.  Therefore,  this case is transferred to the United States District Court for the Eastern District of California.  *See* 28 U.S.C. § 1406(a) (district court may dismiss or transfer case filed in wrong venue); Habeas L.R. 2254-3(b).

Respondent requests the Court vacate the Order to Show Cause, doc. no. 7.  The Court vacates the briefing schedule set forth in the Order to Show Cause, but does not vacate the substantive portions of the Order.  The Court denies without prejudice the respondent's motion to dismiss based upon lack of exhaustion.  Doc. no. 9.  Respondent may re-file this motion once this case is transferred to the Eastern District.  This Order terminates docket nos. 9 and 13.

This Clerk of the Court shall transfer this case to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: May 9, 2014

_____
VINCE CHHABRIA
United States District Judge